UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

CLARENCE E. SCOTT, JR.,

   Petitioner,

v.

STEPHEN D'ILIO, et al.

   Respondents.

Civil Action No. 14-7475(SRC)

**MEMORANDUM OPINION**

This matter is before the Court on Petitioner's "Motion to Leave to File an Extension of Time for 45 Days." (ECF No. 34.) Petitioner requests a forty-five-day extension of time to submit a six-month trust account statement in support of his application to proceed *in forma pauperis* on an appeal of this Court's January 3, 2018, opinion and order denying his Petition for a writ of habeas corpus (ECF Nos. 32 and 33). Petitioner states that he requires additional time due to delinquencies in the prison mail system that have delayed his receipt and submission of legal documents. (ECF No. 34 at pp. 1-2.) As of the filing of Petitioner's Motion on February 26, 2018, Petitioner had not filed a notice of appeal.

On March 13, 2013, Petitioner sent a letter to the Clerk of the Court of Appeals for the Third Circuit. The letter included an attached Notice of Appeal signed by Petitioner and dated January

31, 2018.[1] (ECF No. 36 at p. 3.) The Third Circuit forwarded Petitioner's letter to the Clerk of this Court and instructed the Clerk to construe Petitioner's letter as a notice of appeal that should be deemed filed on March 13, 2018. (ECF Nos. 35; 35-1.) The Clerk subsequently filed and certified the notice. (ECF No. 36.)

On April 2, 2018, the Third Circuit *sua sponte* stayed Petitioner's appeal pending resolution of Petitioner's Motion for an extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). (ECF No. 38.) However, Petitioner's February 26 Motion did not include a request for an extension of time in which to file an appeal and did not raise or address Appellate Rule 4(a)(5). (See ECF No. 34.) In addition, it is unclear when, if ever, Petitioner attempted to submit the January 31, 2018, Notice of Appeal that was attached to Petitioner's March 13 letter. Though Petitioner states in his letter to the Third Circuit that he filed the Notice on January 31, the docket does not reflect that the Notice was received by the Clerk prior to the Third Circuit's transmission of Petitioner's March 13 letter to this Court. Without some indication of when Petitioner submitted the January 31 Notice to prison officials for mailing - if he indeed did so - the Court cannot determine whether

---

[1] The Notice of Appeal was addressed to this Court rather than the Third Circuit.

Petitioner timely filed a notice of appeal and thus whether a motion for an extension of time is necessary.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." See Bowles v. Russell, 551 U.S. 205, 213 (2007). "[W]hen an appeal is taken beyond the time set out in the Rule, an appellate court is without jurisdiction to entertain and decide it." Id. In a civil case, with certain exceptions not applicable here, the notice of appeal required by Federal Rule of Appellate Procedure 3 must be filed with the district clerk within thirty days after entry of the judgment or order appealed from. See Fed. R. App. P. 4(a)(1).

"Rule 4(a)(5)(A) states, '[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.'" Allen v. Vaughn, 298 F. App'x 130, 133 (3d Cir. 2008) (citing Fed. R. App. P. 4(a)(5)(A)). "No extension under ... Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C); see also Wade v. Warden FCI Fairton, No. CV 15-8925 (RMB), 2017 WL 160827, at *1 (D.N.J. Jan. 13, 2017) (explaining same).

Petitioner has not established that he timely filed a notice of appeal. As a confined inmate, the timeliness of Petitioner's appeal is governed by Federal Rule of Appellate Procedure 4(c), which provides:

> If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:
>
> **(A)** it is accompanied by:
>
> **(i)** a declaration in compliance with 28 U.S.C. § 1746--or a notarized statement--setting out the date of deposit and stating that first-class postage is being prepaid; or
>
> **(ii)** evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid[.]

Fed. R. App. P. 4(c)(1). Petitioner has not submitted a declaration or evidence that he deposited the January 31 Notice of Appeal in the prison mail system on or before the last day for filing.

Moreover, even if Petitioner's February 26 motion were construed as a motion for an extension of time in which to file a notice of appeal, such a motion would be subject to Appellate Rule 4(a)(5)(A), requiring Petitioner to show excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). Petitioner has not yet made

4

such a showing.

The Court will therefore order Petitioner to either (1) file a proper motion for an extension of time to file a notice of appeal pursuant to Appellate Rule 4(a)(5), or (2) in the alternative, to demonstrate that he timely filed his notice of appeal pursuant to Appellate Rule 4(c). In either case, Petitioner shall submit a declaration under penalty of perjury[2] detailing his efforts to file his notice of appeal, including the dates on which he mailed any filings relating to his appeal. Petitioner also shall include evidence demonstrating Petitioner's placement of the notice in the prison mail system. Petitioner shall submit his completed application to proceed *in forma pauperis* at the time he submits his motion or other filing. In addition, pursuant to Appellate Rule 4(a)(5)(B), because Petitioner's motion for an extension of time will be filed after the expiration of the thirty-day period prescribed in Rule 4(a)(1), Respondents will have the opportunity to respond to Petitioner's motion. An appropriate order follows.

					*[signature]*
					STANLEY R. CHESLER
					United States District Judge

---

[2] Pursuant to Appellate Rule 4(c), the declaration must be signed, dated, and conform to 28 U.S.C. § 1746 by including a statement declaring, certifying, verifying, or stating under penalty of perjury that the statements made in the declaration are true and correct. See 28 U.S.C. § 1746(2).